# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendants. | Case No.: 1:18-cv-0624 - DAD - JLT <br><br> ORDER VACATING THE HEARING DATE OF DECEMBER 4, 2018 <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER <br><br> (Doc. 13) |

Edward Black is a former employee of Defendant T-Mobile USA, Inc. He contends that he was wrongfully terminated from his position, and the defendant breached an agreement to not terminate him without cause and progressive discipline. (*See* Doc. 1) He seeks modification of the Scheduling Order to permit additional time to file his First Amended Complaint, which includes a new cause of action for disability discrimination. (Docs. 12, 13) Defendant does not oppose the motion. (Doc. 14)

The Court finds the matter suitable for decision without oral arguments. Therefore, the motion is taken under submission pursuant to Local Rule 230(g), and the hearing date of December 4, 2018, is **VACATED**. For the following reasons, Plaintiff's motion is **GRANTED**.

## I.      Background

Plaintiff alleges he was employed by Defendant "as a technician working on cell towers" beginning in January 2005. (Doc. 12 at 2, ¶ 8) He asserts that in October 2016, he "suffered from an anxiety disorder and experienced a panic attack," which resulted in him calling in sick to work. (*Id.*, ¶9)

1

Plaintiff alleges that after this panic attack, he "began taking medication for anxiety and he was seeing a medical doctor." (*Id.*) He asserts that he "had been medicating with ethanol and anti-anxiety medicine." (*Id.*)

Plaintiff alleges that on February 12, 2017—a day that Plaintiff was not working— he "suffered another panic attack and was taken to Bakersfield Behavioral Healthcare Hospital by a coworker." (Doc. 12 at 2, ¶ 10) He reports that "the hospital was not yet open and he was taken home." (*Id.* at 3, ¶10) Plaintiff reported the panic attack to his supervisor the following day. (*Id.*)

On February 14, 2017, "Plaintiff reached out to the defendant's Human Resources Department requesting an [Employee Assistance Program] referral." (Doc. 12 at 3, ¶ 11) He asserts Defendant provided a referral to EPA contacts, but the "provided phone numbers … were unhelpful as these sources did not offer treatment, only referrals," which were unavailable. (*Id.*) He contends the "attempt to obtain treatment through the EPA was frustrated as the referrals were essentially dead ends." (*Id.*) According to Plaintiff, that same date, Keith Busbee, his supervisor "came by…and told plaintiff to take the next day off." (*Id.*, ¶ 12) However, he "returned to work on February 15, 2017 and worked through February 17, 2017." (*Id.*)

Plaintiff asserts that on February 19, 2017, Mr. Busbee "emailed Plaintiff … and informed him that Defendant's legal department advised that Plaintiffs truck should be taken and plaintiff should be put on paid administrative leave, for a week." (Doc. 12 at 3, ¶12) On February 22, 2017, Mr. Busbee "called Plaintiff on the phone and said legal had made a mistake since plaintiff was not drinking and driving," and there were "no violations." (*Id.*, ¶14) Plaintiff asserts that he "was taken off of leave and was asked if he minded taking the rest of week as vacation." (*Id.*) He then returned to work on February 27, 2017. (*Id.*, ¶ 15)

According to Plaintiff, "[a]fter work on the evening of May 2, 2017, [he] had another panic/anxiety attack, and again took anxiety medication and ethanol." (Doc. 12 at 4, ¶17) Prior to reporting to work the next morning, Plaintiff informed Mr. Busbee "about the incident the evening before and stated he was checking himself in to a dmg detox and treatment program." (*Id.*) Two days later, "while plaintiff was being treated for anxiety disorder," Mr. Busbee called Plaintiff's wife and "advised that the company made a determination that they were going to let him go." (*Id.*, ¶ 19)

1  On May 8, 2017, Mr. Busbee "came to Plaintiff's residence to pick up company equipment and
2  deliver the Notice of Employee Change in relationship indicating he had been 'discharged'." (Doc. 12
3  at 4, ¶21) According to Plaintiff, Mr. Busbee "reported that legal wanted plaintiff fired because he was
4  a liability." (*Id.*)
5  Plaintiff filed a complaint with the California Department of Fair Employment and Housing,
6  which issued a Right to Sue letter on February 26, 2018. (Doc. 12 at 5, ¶¶ 23-24) Plaintiff initiated this
7  action by filing a complaint on May 4, 2018. (Doc. 1)
8  On August 2, 2018, the Court held a conference with the parties and issued the Scheduling
9  Order governing this action. (Doc. 10) The Court ordered the parties to file any amended pleadings,
10 either through a stipulation or motion to amend, no later than October 31, 2018. (*Id.* at 2) Plaintiff
11 filed his First Amended Complaint on October 31, 2018 (Doc. 12), and the following day filed the
12 motion for modification of the Court's scheduling order to extend the pleading amendment deadline.
13 (Doc. 13 at 1) Defendant filed a statement of non-opposition, indicating it has no opposition to the
14 request to extend the pleading amendment deadline to November 30, 2018. (Doc. 14 at 2)

## II. Scheduling Orders

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the Court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

## III. Discussion and Analysis

Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry

3

|   |   |
|---|---|
| 1 | is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end. |
| 2 | |

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Philip Ganong, Plaintiff's counsel, reports that he "intended to determine the need to amend the complaint based, *inter alia,* upon his review of the writings produced by Defendant in response to the Initial Disclosure." (Doc. 13-2 at 2, Ganong Decl. ¶ 4) He asserts that he received Defendant's Initial Disclosure on September 10, 2018, but Defendant "did not provide or serve any of the documents… identified in the[] disclosure." (*Id.*, ¶ 5) According to Mr. Ganong, "Plaintiff served … a Request for Production of Documents identified by Defendant in its Rule 26 disclosure" that same day. (*Id.*, ¶ 6) However, Mr. Ganong later learned Defendant "was not in possession of the writings it identified in its Rule 26 disclosure," and Defendant's counsel "requested an extension of two weeks" to respond to the discovery request on October 15, 2018. (*Id.*, ¶ 7)

Mr. Ganong reports that on October 26, 2018, Defendant again "request[ed] an additional two (2) weeks extension to respond to the discovery including the Request for Production." (Doc. 13-2 at 2, Ganong Decl. ¶ 8) However, this "would place Defendant's production weeks after the amendment deadline." (*Id.*) As a result, on November 1, 2018, Plaintiff filed the motion for "modification of the Scheduling Order only in so far as the deadline for the amendment of the complaint, to "keep[] Plaintiff from being disadvantaged." (*Id.* at 3, ¶12)

Based upon the facts presented to the Court, it appears Plaintiff was diligent in seeking modification of the Scheduling Order when Defendant did not produce the discovery that he wanted to

review prior to filing an amended complaint. Consequently, Plaintiff complied with the requirements of Local Rule 114(d), which requires counsel to seek modification of a schedule "as soon as the need for an extension becomes apparent." Further, Defendant does not oppose the request for the extension of the pleading amendment deadline. (Doc. 14) Accordingly, the Court finds good cause exists for modification of the Scheduling Order.

## IV. Order

Based upon the foregoing, the Court **ORDERS**:

1. The hearing date of December 4, 2018 is **VACATED**;
2. Plaintiff's motion to amend the scheduling order (Doc. 13) is **GRANTED**;
3. The pleading amendment deadline is extended to November 30, 2018;
4. The First Amended Complaint filed October 31, 2017 (Doc. 12) will stand as the operative pleading; and
5. Defendant SHALL file a responsive pleading to the First Amended Complaint within twenty-one days of the date of service of this order.

IT IS SO ORDERED.

Dated: **November 26, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE