**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD BLACK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> T-MOBILE USA, INC., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No.: 1:18-cv-0624 - DAD - JLT <br><br> ORDER AFTER MID-DISCOVERY STATUS CONFERENCE |

The plaintiff filed this case on May 4, 2018 (Doc. 1). At that time, the complaint raised two claims; wrongful termination and breach of an implied employment contract (Doc. 1). The parties filed a joint scheduling report on July 26, 2018 in which the plaintiff reported that he planned to amend the complaint to add "one of more statutory causes of action." (Doc. 6 at 3) The Court ordered that "Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **October 31, 2018**." (Doc. 10 at 2) Counsel proposed the Court set March 4, 2019 as the deadline to complete all non-expert discovery (Doc. 6 at 5) and the Court accepted this proposal (Doc. 10 at 2).

After this, the parties made their Rule 26 disclosures. Despite knowing that Rule 26 does not require either party to produce documents with their initial disclosures (Fed.R.Civ.P. 26(a)(1)(A)(ii)), plaintiff's counsel presumed that the defense *would* provide documents with the disclosure. However, the day he received the Rule 26 disclosure without the documents, he propounded a document request.

1

(Doc. 13-2 at 2; Doc. 20 at 2) The defense failed to timely produce the documents and sought and received two extensions of time (totaling four weeks beyond the original response date) making the responses due on October 26, 2018; nevertheless, the defense still failed to respond by that date. (Doc. 13-2 at 2-3) Plaintiff's counsel reported that the defense was unwilling to stipulate to extend the deadline for filing an amended complaint, which he felt was needed to allow him time to review the documents when produced and to decide whether an amended pleading was necessary. (Doc. 13-2 at 2)

Nevertheless, on October 31, 2018, without leave of the Court or a stipulation, the plaintiff filed a first amended complaint (Doc. 12). Fed. R. Civ. P. Rule 15(a)(2). The FAC changed the factual allegations somewhat but did not add or delete any claims. Id. The next day, plaintiff's counsel filed a motion to amend the case schedule to extend the deadline by which he could file an amended complaint. (Doc. 13) On the date the opposition to the motion was due and despite being unwilling previously to stipulate to extend this deadline, the defense filed a notice of non-opposition to the motion. (Doc. 14).

One week later, the Court vacated the hearing on the motion and granted the motion to extend the deadline. (Doc. 17) However, the Court ordered the FAC would be the operative complaint and ordered the defense to respond within 21 days. Id. at 17. Nevertheless, <u>again without a stipulation or leave of the Court</u>[1] (Fed.R.Civ.P.15(a)(2)), the plaintiff filed a second amended complaint (Doc. 18) to which the defense responded[2] (Doc. 19). The SAC relies upon most of the same factual allegations as the FAC but deleted the claim for breach of the implied contract (Doc. 18).

During this time, the parties have not exchanged further written discovery, though the defense has issued subpoenas for documents to third parties. (Doc. 20 at 3) The parties take the position that the Court should amend the case schedule. Id. at 2-3. If it is not granted, the plaintiff's attorney seems to feel that his client is being punished for his decision to extend professional courtesy and allowing the defense to respond late to the production request. He offers no explanation why other discovery could

---

[1] The scheduling order explicitly indicated that, "requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend . . ." (Doc. 10 at 2), which is consistent with Rule 15. Thus, it is unclear why the plaintiff believes he can file amended pleadings without compliance with the Rule.

[2] The plaintiff has not sought leave of the Court since filing the SAC and the defense has not objected to the filing of the SAC.

2

not have occurred while he awaited these documents or why, since filing either the FAC or the SAC, there was not an opportunity to conduct discovery. Likewise, he offers no explanation why any amended complaint was ever necessary.[3] There had been no claim by the defense that the factual allegations in the original complaint were insufficient and dismissing the breach of implied contract claim could have been addressed via a stipulation without the need to file an amended complaint.

For its part, the defense offers no explanation for failing to respond timely to the document request, failing to comply with the agreement to produce documents after having been shown professional courtesy by opposing counsel or failing to conduct any substantive discovery. Rather, they report in general terms only that Ms. Segal has had medical issues necessitating two surgeries and that Mr. Iskander has been in trial.

The Court does not find there is good cause to modify the case schedule. It seems clear that counsel have been preoccupied with other matters and/or have decided against using their discovery time in an efficient manner. Indeed, this should end any further consideration of the issue of amending the case schedule. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). Nevertheless, because the Court recognizes that the attorneys' conduct has likely prejudiced their clients in this case, the Court **ORDERS** that the case schedule is amended to allow non-expert discovery to continue through April 4, 2019[4].

**Absolutely no further requests to amend the case schedule will be considered absent a showing of good cause as that phrase is defined by law.**

IT IS SO ORDERED.

Dated: __January 11, 2019__        _____/s/ Jennifer L. Thurston_____
                                                           UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes that the FAC was filed without having received the documents sought from the defense (Doc. 13-2 at 2 ¶ 11), which begs the question why the amendments made in the FAC could not have been made earlier. In addition, had this occurred, it would have left the balance of the FAC as the operative complaint—as the Court ordered (Doc. 17 at 17).

[4] Though the Court discussed allowing non-expert discovery to extend through the expert discovery deadline, plaintiff's counsel decided against this after recognizing the risks of doing so.